MAX HALECK, SR., Appellant

v.

GOVERNOR OF AMERICAN SAMOA, Appellee

Appellate No. 13-1971

High Court of American Samoa

Civil Jurisdiction, Appellate Division

March 26, 1971

DONALD H. CROTHERS, *Chief Justice; I. LETULI-GASENOA, Associate Judge;* and F. L. MALAU'ULU, *Associate Judge.*

OPINION

Mr. Justice Crothers delivered the Opinion of the Court.

Petition by Max Haleck, Sr. v. H. Rex Lee, Governor of American Samoa, for a Declaratory Judgment and/or Writ of Mandamus. Denied and Petitioner appeals.

Honorable George Wray, Attorney at Law, Pago Pago, American Samoa, for Appellant.

Honorable Alfred J. Gergely, Attorney General of American Samoa, for Appellee.

Before Donald H. Crothers, Chief Justice.

In 1910, Tiumalu Lailai, then matai of the Tiumalu Family, in whose Titled Name the land vested, leased a portion of the communally owned native land located in the Village of Fagatogo, to Ho Ching for a period of fifteen (15) years at a yearly rental of Eighty-four dollars ($84).

In 1925 the same party renewed the lease for a period of fifteen (15) additional years on the same terms and conditions except the annual rental was increased to Two Hundred forty dollars ($240).

Chief Tiumalu Lailai died in 1937. Tiumalu Male succeeded him as matai of the Tiumalu Family.

In November, 1938, the new matai, Tiumalu Male, renewed the 1910 and 1925 lease on the same terms and conditions except the yearly rental was increased to Three Hundred sixty dollars ($360) and the term was extended to twenty (20) years with a renewal clause or option for an additional twenty (20) year term at an increased rental of Four Hundred Twenty-five dollars ($425) per annum.

Ho Ching died in July, 1953, and his heirs-at-law and personal representative assigned the lease and the building on the land, which building is not at issue, to the Appellant, Max Haleck, Sr., for the sum of $7,000.

The 1938 lease, in accordance with the laws of the Government of American Samoa, was approved by the then Governor of American Samoa, Honorable E. W.

Hanson, U.S. Navy, pursuant to Section 71, "Alienation of Native Lands."

"Native land may, with the sanction of the Governor, be leased for any term not exceeding forty (40) years for any purpose, except for the working of minerals and cutting of timber . . ."

Tiumalu Male died in 1952 and his title remained vacant until 1956 when Tiumalu Taimane was chosen matai of the Family.

In 1959 Tiumalu Taimae refused to execute a new lease, whereupon the assignee thereunder, Max Haleck, Sr., sought and received, under a separate action, specific performance directing Tiumalu Taimane to enter into a new lease, which lease was dated August 10, 1960. The monthly rental thereof being Thirty-five dollars ($35) for a term of twenty (20) years from and after February 3, 1959. All other conditions being identical with the 1910, 1925 and 1938 lease between the parties.

In that case the Honorable Arthur A. Morrow, Chief Justice, affirmed the Lower Court's finding that the Tiumalu Family must, in accordance with the provisions of paragraph five of the November 1, 1938 lease, honor the lessee's option.

Mr. Justice Morrow in his Order stated:

"Now, therefore you, Tiumalu, in your capacity as matai of the Tiumalu Family, are hereby ORDERED to execute and deliver to the plaintiff, Max Haleck, Sr., within 10 days from the date hereof, a new lease pursuant to the renewal clause in the lease of November 1, 1938, to Ho Ching naming the said Max Haleck, Sr., as lessee therein. However, the renewal lease shall not contain a provision for its renewal at the option of the lessee."

The then Governor Lee took the position that Chief Justice Morrow's Order, as hereinabove set forth, using such words as "new lease" and "renewal clause," made it a

new lease subject to Section 1283 of the Revised Code of American Samoa.

Section 1282 of the Revised Code of American Samoa (1949), "Native land may, with the approval of the Governor, *** be leased to any person for any term not exceeding thirty (30) years for any purpose except for the working of minerals and cutting of timber."

Whereupon the Appellant, Max Haleck, Sr., petitioned the High Court for a Writ of Mandamus and/or Declaratory Judgment.

The Trial Division of the High Court of American Samoa, Honorable V. G. Roel, Associate Judge presiding ruled:

That the lease created in 1938 was for a term of twenty (20) years and was approved by Governor Hanson and this was the original intention of the parties. Other questions, not germane to the appeal herein, were also ruled upon by Judge Roel.

The issue therefore is simply whether or not the covenant to renew the lease in question contemplates the creation of a new lease to such an extent that it required the then Governor of American Samoa's approval in accordance with the laws of the Government of American Samoa or whether it was merely an extension of a previous lease which had been approved by the Governor in 1938.

The record is completely void of any statements, written or oral, as to the intention of the parties in creation of this lease. The only evidence the Court has is the original lease signed by the parties.

The Court must, therefore, limit itself to the four corners of this document to ascertain the parties' intentions.

There is evidence that the lease was written for the parties by B. F. Kneubuhl, a highly respected American who arrived on the Island in 1907. J. A. C. Gray, United States Naval Institute, in his book *Amerika Samoa,* page

206, states of B. F. Kneubuhl, "He became a merchant and leading American civilian member of the community and among other activities he has made a study of the law." There is also reference on page 16 of the trial transcript to Mr. Kneubuhl's "Law training by correspondence course."

In the third paragraph of the November 1, 1938 lease between the parties, Tiumalu Male and Ho Ching, it states:

"To hold the described premises unto the use of the said party of the second part for term of (20) twenty years, computed from the 3rd day of February, 1939, yielding and paying therefore the monthly rental of thirty (30) dollars in advance on the third day of each month."

Further, in paragraph five of said lease, the provision of the renewal thereof states:

"And the parties to this lease covenant with each other that the terms set forth herein shall be binding on their heirs, assigns, executors and administrators. And the said party of the first part (lessor) further covenants with the said party of the second part (lessee) that he (the party of the first part) on demand of the second part, and, upon the expiration of the lease, will enter into and execute a new lease for a period of twenty years under the same terms as set forth herein except that the monthly rental shall be at the rate of thirty-five ($35) dollars per month."

The Government of American Samoa has, from the time it signed a Deed of Cession to the United States in 1900 to early 1971, had more than 45 different Governors. In the instant case, the lessor and the lessee, or their assigns, have had a continuous lease from 1910 through 1958, said lease being different only in the amount of rental to be paid or in some cases the term of its duration. All the other requisites of the lease are constant, namely, the same lessor; lessee; each was reduced to writing; each contained a certainty of term; the same description; each had a valid delivery; each contained an acceptance; and the seal of the parties.

The only question is whether or not a new lease existed so as to require subsequent approval by the Land Commission and the Government of American Samoa in 1958.

■ In the case at hand the Court finds there was no such new lease, but merely an extention (sic], in one form or another, of the one that had existed from 1910 to 1958.

It is universally accepted that the tenant has, in view of paragraph five of the November 1, 1938, lease, both a legal and equitable right to a renewal or extention [sic] of his lease.

The provisions contained in paragraph five are valid and enforceable and in fact were recognized as valid and enforceable by Chief Justice Morrow in his Order granting specific performance to the Appellant.

When the November 1, 1938, lease was submitted to the then Governor of American Samoa the Honorable E. W. Hanson, the laws of the Government of American Samoa fully provided and permitted, subject to the Governor's approval, a forty (40) year old lease-holder's interest.

■ Governor Hanson, being one of few persons on the Island accorded the benefit of legal counsel, reviewed and approved a twenty (20) year lease, plus the twenty (20) year option contained therein.

Surely no one will contend that Governor Lee, or any other succeeding Governor, could overrule or ignore the decision of his predecessor, unless, of course, the decision was erroneous in law or tainted with fraud or mistake. There was no such allegation in the pleading or such finding by the Lower Court. Any other conclusion would result in chaos in the Governmental Administration and cause untold annoyance and instability to the citizens of American Samoa.

Judgment Reversed.

Dated this 26th day of March, 1971.